# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

In the Matter of the Application of

IOAN MICULA,
VIOREL MICULA,
S.C. EUROPEAN FOOD S.A.,
S.C. STARMILL S.R.L., and
S.C. MULTIPACK S.R.L.,

                Petitioners,

   v.

THE GOVERNMENT OF ROMANIA,

                Respondent.

Civil Action No. 1:17-cv-02332-APM

## CONSENT MOTION FOR LEAVE TO FILE A BRIEF ON BEHALF OF THE EUROPEAN COMMISSION AS AMICUS CURIAE

Pursuant to LCvR 7(o), The European Commission ("the Commission") respectfully requests leave to file a brief as *amicus curiae* in support of the Government of Romania in the above-captioned case. In support of its motion, proposed *amicus curiae* states as follows:

1. The Commission is one of the institutions of the European Union ("E.U."), a supranational organization comprising twenty-eight nations governed by E.U. law. E.U. law is based on the E.U.'s founding treaties—including the Treaty on European Union, Oct. 26, 2012, 2012 O.J. (C 326) 13 ("TEU"), and the Treaty on the Functioning of the European Union, Oct. 26, 2012, 2012 O.J. (C 326) 47 ("TFEU")—as well as secondary legislation adopted on the basis of those Treaties. E.U. law has "primacy over the laws of the Member States" and is "applicable to their nationals and to the Member States themselves." Case C-286/14, *Slovak Republic v. Achmea BV*, ECLI:EU:C:2018:158, ¶ 33. As an E.U. Member State, Romania is bound by E.U. law.

2. The Commission is responsible for ensuring the proper application of the E.U. treaties and of measures E.U. institutions adopt under those treaties. TEU art. 17. It also has

the power to initiate infringement proceedings before the Court of Justice of the European Union against Member States that fail to comply with their treaty obligations and may ask that court to impose penalty payments on the Member State concerned until it has ceased the infringement. TFEU arts. 258 and 260(2). With the exception of the E.U.'s common foreign and security policy and other matters specifically provided for in the E.U. Treaties, the Commission conducts the E.U.'s external representation. TEU art. 17; TFEU art. 335.

3. Petitioners have filed a petition before this Court to confirm an arbitration award rendered against Romania by the International Center for Settlement of Investment Disputes ("ICSID") on December 11, 2013. *See Micula v. Romania*, ICSID Case No. ARB/05/20, Award (Dec. 11, 2013)) ("the Award"). The Commission has a substantial interest in this case for two reasons.

4. *First*, Petitioners seek relief that, if granted, would compel Romania to take actions that violate E.U. law and subject Romania to significant legal sanctions under E.U. law. E.U. law prohibits Member States from granting subsidies to economic operators without the Commission's express authorization. TFEU art. 107(1) ("any aid granted by a Member State . . . shall . . . be incompatible with the internal market"); *see id.* art. 108(3). Such subsidies constitute unlawful "State aid," and a Member State must recover State aid from its beneficiary if ordered by a Commission decision. *See id.* art. 108(2) ("[the Commission] shall decide that the State concerned shall abolish . . . such aid"); Council Regulation 2015/1589, art. 16(1), 2015 O.J. (L 248) 99 ("Where negative decisions are taken in cases of unlawful aid, the Commission shall decide that the Member State concerned shall take all necessary measures to recover the aid from the beneficiary."). In March 2015, the Commission adopted an administrative decision by which it declared the implementation of the Award to constitute unlawful "State aid" incompatible with the E.U.'s internal market ("the State Aid Decision"). Commission Decision C(2015)2112 of 30 March 2015 in State

aid Case SA.38517 – Arbitral award Micula v Romania of 11 December 2013, 2015 O.J. (L 232) 43. The State Aid Decision prohibits Romania from implementing the Award, whether voluntarily or by forced execution, and orders Romania to recover any compensation already paid to Petitioners. *Id.* arts. 1-2. A judgment confirming the award and requiring Romania to implement it would directly contravene that decision.

5. Furthermore, the Award was rendered on the basis of an arbitration clause contained in a bilateral investment treaty concluded between Romania and Sweden. E.U. law prohibits Member States from maintaining bilateral investment treaties in force between themselves and from subjecting disputes arising from those treaties to arbitration. Case C-286/14, *Achmea*, ¶ 60. An arbitral award rendered on the basis of such a treaty—like the Award here—is therefore unenforceable. *See* Communication from the Commission to the European Parliament and the Council, Jul 19, 2018, "Protection of intra-EU investment", COM(2018) 547 final, p. 3.

6. The Commission has consistently defended its interest in ensuring that E.U. law is upheld in relation to the dispute underlying the Award and the subsequent implementation of the Award. It intervened as a non-disputing party in the underlying arbitration and before the ICSID *ad hoc* Committee. It has intervened in proceedings in which Petitioners have sought the recognition or enforcement of the Award in five E.U. Member States—Belgium, Luxembourg, Romania, Sweden, and the United Kingdom. It submitted a brief as *amicus curiae* in proceedings in which Petitioners sought recognition of the Award before the District Court of the Southern District of New York and, on appeal, before the Second Circuit, with both courts granting the Commission *amicus curiae* status. *See* Br for *Amicus Curiae* The Commission of the European Union, No. 15-3109 (2d Cir. Feb. 4, 2016) (Dkt. 84); Amicus Curiae Brief of the Commission of the European Union, No. 1:15-mc-00107-LGS (S.D.N.Y. June 26, 2015) (Dkt. 43-1). In addition, Petitioners have sought

the annulment of the State Aid Decision before the E.U. Court of Justice, where the Commission is a defendant.

7. Granting the petition in this case would directly undermine the State Aid Decision and require Romania to infringe its E.U. law obligations, which it may not do under threat of sanctions.  It would also interfere with legal proceedings currently pending before the E.U. Court of Justice regarding the validity of the State Aid Decision, and circumvent orders and judgments rendered by the national courts of five E.U. Member States that have stayed the enforcement of the Award until the E.U. Court of Justice has decided on the validity of the State Aid Decision.

8. In light of these concerns, the Commission plans to argue in its proposed *amicus brief* that the international comity doctrine, the act of state doctrine, and the sovereign foreign compulsion doctrine mandate denying and dismissing the Petition.  The Commission made similar arguments in the *amicus* briefs it filed in the Southern District of New York and the Second Circuit.  *See supra* ¶ 6.  The Commission retains a strong interest in ensuring that E.U. law is upheld, that the propriety of its decisions is reviewed by the E.U.'s highest court, and that other countries' courts defer to E.U. proceedings in the interests of international comity.  Furthermore, consideration of these arguments would aid the Court's consideration of these important issues on questions that touch directly on the Nation's foreign affairs.

9. *Second*, and independent of its interest in the enforcement of E.U. law, the Commission has a strong interest in ensuring that this case is decided based on a correct *interpretation* of E.U. law.  In their recent submissions to the Court, both the Government of Romania and Petitioners have made numerous representations about E.U. law, including the State Aid Decision, the nature of pending proceedings in the E.U. Court of Justice, and the consequences under E.U. law if the petition were granted.  *See* Mem. of Law in Opp. to Pet. to Confirm ICSID Arbitration Award 1-4, 10-12, 16-17, 25-29, Dkt. 51; Mem. of Law in

Support of Mot. for Judgment on the Pleadings 33-38, Dkt. 55-1.  Those assertions about E.U. law are directly relevant to the resolution of Romania's arguments based on the act of state doctrine and the foreign sovereign compulsion. In its *amicus* brief, the Commission would offer additional insights and clarity regarding the E.U. legal issues that both parties have raised.

10. The Commission's position is not adequately represented by any party.  As the author of the State Aid Decision, the institution responsible for ensuring the proper application of E.U. law, and an active participant in a variety of legal proceedings concerning the recognition and enforcement of the Award, the Commission is well placed to offer a unique perspective to the Court.  No other party in this case has authority to speak on behalf of the E.U., whose interests are directly implicated by this case.  Furthermore, because of its expertise and responsibility for administering E.U. law, the Commission is uniquely positioned to describe the consequences of an adverse judgment for the E.U. legal system and its Member States more broadly.  The Supreme Court has recently reiterated the importance of granting "respectful consideration" to the views of foreign governments on the meaning of foreign law, *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 138 S. Ct. 1865, 1869 (2018); *cf.* Fed. R. Civ. P. 44.1, and the Commission has filed *amicus* briefs before U.S. federal courts in other cases in which the E.U.'s vital interests were implicated.  *See, e.g.*, Brief of the European Commission on Behalf of the European Union as *Amicus Curiae* in Support of Neither Party, *United States v. Microsoft Corp.*, 138 S. Ct. 1186 (2018) (No. 17-2).

11. Accordingly, the Commission respectfully requests leave to file an *amicus curiae* brief in support of the Government of Romania in this case.  Granting the Commission's request to participate as *amicus curaie* would not unduly delay the disposition of this case, nor would it otherwise disrupt the course of these proceedings.  This Court recently issued an order permitting Petitioners to file a renewed Motion for Judgment and

Confirmation of Arbitral Award; ordered respondent to file a response to that motion within 21 days thereafter; and ordered Petitioners to file any reply 14 days after the response is filed. Order, Dkt. 50. The Commission suggests that the Court grant the Commission leave to file an amicus brief on or before the date that Romania's response brief is due—December 11, 2018—which would ensure Petitioners 14 days to response to the Commission's arguments.

12. The Commission has filed the present Motion as soon as practicable after the submission of Romania's recent brief raising issues of E.U. law. The Commission assessed that it would be to the Court's benefit if the Commission filed this motion promptly, prior to finalizing its brief, so that the Court would have sufficient time to craft a schedule that would not unduly delay resolution of the case and that would be fair to the parties. In its *amicus* brief, the Commission intends to make arguments similar to those that it made in the brief it filed before the Second Circuit in Br for *Amicus Curiae* The Commission of the European Union, No. 15-3109 (2d Cir. Feb. 4, 2016) (Dkt. 84).

13. Counsel for the Commission has conferred with Petitioners' and Romania's respective counsel regarding this motion, and counsel for both Petitioners and Romania have stated that they consent to this motion.

14. By submitting this motion, the Commission specifically reserves all of its rights and does not waive any of its defenses or its sovereign immunity

For the foregoing reasons, the Commission respectfully requests that its motion for leave to file the proposed *amicus curiae* brief be granted.

Dated:  November 28, 2018

Respectfully submitted,

/s/ Catherine E. Stetson
Catherine E. Stetson (D.C. Bar No. 453221)
Mitchell P. Reich (D.C. Bar No. 1044671)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600

*Attorneys for Proposed Amicus Curiae the European Commission*

Of Counsel:
Paolo Stancanelli
Paul-John Loewenthal
Tim Maxian Rusche
Nicolaj Kuplewatzky
LEGAL SERVICE OF THE EUROPEAN COMMISSION
Rue de la Loi 200
B-1049 Brussels
Belgium
+32 2 29 91 378

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Application of<br><br>IOAN MICULA,<br>VIOREL MICULA,<br>S.C. EUROPEAN FOOD S.A.,<br>S.C. STARMILL S.R.L., and<br>S.C. MULTIPACK S.R.L.,<br><br>                          Petitioners,<br><br>   v.<br><br>THE GOVERNMENT OF ROMANIA,<br><br>                          Respondent. | Civil Action No. 1:17-cv-02332-APM |

## [PROPOSED] ORDER

Upon consideration of The European Commission's Motion for Leave to File a Brief On Behalf of the European Commission as *Amicus Curiae* (ECF No. ___), and any response thereto, it is on this ___ day of _____, 2018, **ORDERED** that the European Commission's Motion is **GRANTED.** The European Commission may file an *amicus curiae* brief on or before December 11, 2018.

_____
Amit P. Mehta
United States District Judge