UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOAN MICULA, et al., )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>GOVERNMENT OF ROMANIA, )<br>)<br>Respondent. )<br>) | Case No. 17-cv-02332 (APM) |

**ORDER**

Pending before the court are two motions by Petitioners that seek to aid execution of the Judgment entered by the court on September 19, 2019, *see* Order and Final Judgment, ECF No. 88. Those motions are: (1) Petitioners' Motion for an Order Pursuant to 28 U.S.C. § 1610(c), ECF No. 97, and (2) Petitioners' Motion to Compel Romania to Answer Post-Judgment Interrogatories, ECF No. 98. Respondent Government of Romania does not contest either motion on its merits. Rather, it insists that both motions must be denied as "moot" because, since its entry, Romania has satisfied the Judgment. *See* Resp't Opp'n to Pet'rs. Mot. to Compel Romania to Answer Post-J. Interrogatories, ECF No. 104, at 3 (arguing that the "Motion is moot because, as of December 13, 2019, Romania has paid all amounts the Bucharest Court of Appeals has instructed it to pay on the Arbitral Award"); Resp't Sur-Reply in Opp'n to Pet'rs Mot. for Order Pursuant to 28 U.S.C. § 1610(c), ECF No. 109, at 4 (same).

The court declines to rule on these motions at this time, as the court is not convinced that it has jurisdiction to do so. Romania has noticed an appeal from the Judgment. *See* Not. of Appeal to D.C. Circuit, ECF No. 89. The filing of such notice "confers jurisdiction on the court of appeals

and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Romania's assertion that the relief sought by Petitioners is "moot" because it has satisfied the Judgment arguably is an "aspect[] of the case involved in the appeal" as the question of mootness goes to a court's subject matter jurisdiction, which the court of appeals must consider no less than this court. *See Ameziane v. Obama*, 699 F.3d 488, 492 (D.C. Cir. 2012) ("We first consider whether we lack subject-matter jurisdiction because the dispute is moot . . . ."). It is true that a district court retains jurisdiction to consider matters in aid of executing the judgment, but only where such judgment "has not been stayed or superseded." *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986) (citing 9 Moore's Federal Practice ¶ 203.11, at 3–44 to 3–46). Here, although the Judgment has not been formally "superseded," Romania argues that the Judgment is, in effect, a nullity, because Romania has satisfied it. The court is hesitant to grapple with that issue absent further briefing from the parties or leave from the court of appeals. *See id.* (stating that, unless an exception applies, the filing of a notice of appeal forecloses "[f]urther proceedings in the district court . . . without leave of the court of appeals").

Accordingly, the court defers ruling on Petitioners' motions. The parties shall appear for a hearing to discuss further proceedings in this matter on March 6, 2020, at 11:15 a.m. The parties may file a legal memorandum addressing the court's jurisdiction to consider Petitioners' motions and Respondent's assertions of mootness by March 3, 2020.

Dated: February 13, 2020

Amit P. Mehta
United States District Court Judge