UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Application of<br><br>IOAN MICULA,<br>VIOREL MICULA,<br>S.C. EUROPEAN FOOD S.A.,<br>S.C. STARMILL S.R.L., and<br>S.C. MULTIPACK S.R.L.,<br><br>         *Petitioners*,<br><br>  v.<br><br>THE GOVERNMENT OF ROMANIA,<br><br>         *Respondent.* | Civil Action No. 17-CV-02332-APM |

**PETITIONERS' MEMORANDUM REGARDING THIS COURT'S JURISDICTION
TO CONSIDER PETITIONERS' PENDING POST-JUDGMENT MOTIONS**

Pursuant to this Court's Order dated February 13, 2020 (ECF No. 119), Petitioners Ioan Micula, Viorel Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L. (collectively, "Petitioners"), by and through their undersigned counsel, respectfully submit this Memorandum Regarding This Court's Jurisdiction to Consider Petitioners' Pending Post-Judgment Motions.

Petitioners submit that this Court retains subject matter jurisdiction to enforce the Judgment, which necessarily includes jurisdiction to consider Petitioners' two post-judgment motions. Although this Court has stated a concern that Romania's argument regarding mootness "arguably is an aspect[] of the case involved in the appeal," ECF No. 119 at 2 (internal citation omitted), Romania has not raised any arguments regarding mootness on appeal; in fact, Romania has even explicitly stated that the issue of its post-judgment payments is not before the Court of

Appeals.

Moreover, the inescapable conclusion is that these post-judgment proceedings are not moot. Romania has only paid $213 million to Petitioners, as compared to the $356 million it owes under the still-operative Judgment. Given that the Judgment has neither been stayed nor "superseded" by virtue of mootness, this Court retains jurisdiction to consider matters in aid of executing the Judgment. Accordingly, Petitioners respectfully request that this Court hold that it has jurisdiction to consider Petitioners' motions.

## BACKGROUND

On September 20, 2019, this Court entered judgment in Petitioners' favor in the amount of $356,439,727. ECF No. 88 (the "Judgment"). In aid of enforcing that Judgment, Petitioners served Romania with interrogatories on October 1, 2019. ECF No. 98-3. Romania refused to provide any meaningful response and, on December 2, 2019, Petitioners moved to compel. ECF No. 98 (the "Motion to Compel"). Petitioners also moved for an order that, pursuant to Section 1610(c) of the Foreign Sovereign Immunities Act, a "reasonable period of time" had elapsed from entry of the Judgment such that Petitioners could proceed with enforcement of the Judgment. ECF No. 97 (the "1610(c) Motion").

On October 9, 2019, Romania appealed the Judgment, ECF No. 89, and that appeal remains pending. Romania also moved for a stay pending appeal; this Court recently denied that motion. ECF Nos. 94, 118.

In late October 2019, December 2019, and January 2020, Romania paid approximately $213 million of the $356 million (plus post-Judgment interest) that Petitioners are owed. ECF Nos. 107-2 ¶ 10; 112 at 3 n.1. Following this partial payment, Romania argues that the

Judgment is "moot." ECF Nos. 104 at 3, 8; 108-1 at 4, 10.[1]

On February 13, 2020, this Court deferred ruling on the Motion to Compel and the 1610(c) Motion and gave the parties the opportunity to file memoranda addressing the Court's jurisdiction to consider these pending motions. ECF No. 119.

## ARGUMENT

**I.  Romania Has Not Argued On Appeal That The Case Is Moot And In Fact Has Affirmed That The Issue Of Post-Judgment Appeals Is Not Before The Appeals Court**

Courts in this Circuit recognize that "the initial burden of proving mootness lies with the party claiming it." *Planned Parenthood of Wis., Inc. v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019) (citation omitted). The party asserting mootness bears a "heavy burden" to establish it. *Honeywell Int'l v. NRC*, 628 F.3d 568, 576 (D.C. Cir. 2010) (citation omitted); *see also Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019) (noting the "demanding standard" of proving mootness). Here, Romania has not "claim[ed]" mootness before the Court of Appeals, let alone met the "heavy burden" of proving it.

Nowhere in Romania's opening appellate brief ("Romania App. Br.") does Romania argue that this case is moot. Romania argues only that (1) this Court misapplied the standard for a motion for judgment on the pleadings; (2) this Court erred in denying Romania the right to file an opposition to the Petitioners' Motion for Judgment on the Pleadings; and (3) the Motion for Judgment on the Pleadings improperly contained a new request for relief not made in the petition and offered an incorrect expert opinion. Romania App. Br. (ECF No. 1824705) at 19-28.

---

[1] Romania's arguments about the purported satisfaction of the Judgment are interspersed in its opposition to the Motion to Compel, ECF No. 104; its Sur-Reply in Support of its Opposition to Petitioners' 1610(c) Motion, ECF No. 108-1; and its pending motion for leave to file a sur-reply in connection with the Motion to Compel. ECF No. 111. Romania has not yet filed a motion for satisfaction of the Judgment under Fed. R. Civ. P. 60(b)(5) and, accordingly, Petitioners have not yet had an opportunity to respond to these arguments in full.

Romania's post-Judgment payments—which were made in late October 2019, December 2019 and January 2020, well *after* this Court rendered its Judgment and Romania noticed its appeal—are, as Romania admits, "necessarily, not part of the record on appeal." *Id*. at 6, n.3; *see also id.* at 26 (noting that Romania's recent payments are "not part of the record before [the Court of Appeals]"). In fact, Romania even acknowledges that the issue of satisfaction should be resolved by *this* Court, not by the Court of Appeals, noting that the appropriate next step would be for Romania to "proceed to file a motion for satisfaction of judgment." *Id.* at 16, n.4. Romania's claimed payment of the Award is therefore not an "aspect[] of the case involved in the appeal," ECF No. 119 at 2 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), and should be decided by this Court rather than by the Court of Appeals.

In addition to Romania's failure to assert before the Court of Appeals—let alone prove—that this case is moot, there is also no basis for the Court of Appeals to independently reach that conclusion. An appeal will be dismissed for mootness only "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Honeywell Int'l*, 628 F.3d at 576 (citation omitted); *see also Mittleman v. Postal Regulatory Comm'n*, 757 F.3d 300, 303 (D.C. Cir. 2014) (A case is moot only "when the court can provide no effective remedy because a party has already obtained all the relief that it has sought.") (citation omitted); *Defenders of Wildlife v. Jackson*, 791 F. Supp. 2d 96, 107 (D.D.C. 2011) ("[E]ven the availability of a partial remedy is sufficient to prevent a case from being moot.") (quoting *Byrd v. EPA*, 174 F.3d 239, 244 (D.C. Cir. 1999)). Under this high standard, there is no reasonable basis for the Court of Appeals to find this case moot.

It is indisputable that this Court entered Judgment in Petitioners' favor in the amount of $356,439,727, plus post-Judgment interest. ECF No. 88. It is also indisputable that the amount

4

paid by Romania does not satisfy the full amount of the Judgment.  *See* Romania App. Br. at 18 (recounting payments made to Petitioners); ECF No. 112 at 3 n.1 (noting that Romania has paid approximately $213 million).  Given that there is a more than $140 million differential between what Romania admits it paid and the Judgment of this Court, it is clearly not "impossible" for Petitioners to be granted any relief here, making a finding of mootness inappropriate.  Indeed, where there is the possibility that a party is entitled to additional monetary relief, courts will not find mootness.  *See Mission Prod. Holdings*, 139 S. Ct. at 1660 (holding that a case is not moot "[i]f there is any chance of money changing hands" because "nothing so shows a continuing stake in a dispute's outcome as a demand for dollars and cents"); *Moses v. Dodaro*, 774 F. Supp. 2d 206, 212 (D.D.C. 2011) (finding plaintiff's claim was not moot because "although plaintiff concedes that he has received a lump sum payment, he does not concede that he has received the appropriate amount of interest on that amount").

      Moreover, there is nothing in the record on appeal that would allow the Court of Appeals to determine that the lesser amount paid by Romania could constitute "satisfaction" of the Judgment.  Romania submitted records to this Court documenting the purported payment of the Award and expert reports supporting Romania's position on the value of the Award only *after* it noticed its appeal, and these submissions are therefore not part of the record on appeal.  *See* ECF Nos. 104-2 to 104-9; 117-2 to 117-7.  Additionally, although Romania argues that it has satisfied the portion of the Judgment owed to Petitioner S.C. European Food through a tax setoff applied by the Romanian authorities, this assertion relies on a decision issued by the Bucharest Court of Appeals regarding the presumed validity of the setoff pending the appeal of its annulment—a decision that was issued only *after* Romania noticed its appeal in this case.  ECF No. 104-9.  As Petitioners have previously noted, the Romanian courts have not fully adjudicated the validity of

the setoff and an appeal of the setoff decision remains pending before the Romanian High Court of Justice and Cassation. ECF No. 112 at 6-7.[2] Given these factors, the Court of Appeals is not in a position and does not have the record before it to determine that the Award has been fully "satisfied" and that this case is now moot.

## II. This Court Retains Jurisdiction To Enforce Petitioners' Judgment As The Judgment Has Not Been Stayed Or Superseded

A party subject to an order enforcing an arbitration award "has an immediate duty to comply, as an appeal does not release [that party] from complying with an order." *M.R.S. Enters. v. Sheet Metal Workers' Int'l Ass'n, Local 40*, No. 05-1823, 2006 U.S. Dist. LEXIS 73116, at *23 (D.D.C. Aug. 22, 2006) (citation omitted). Such an order "is effective and remains so during the pendency of the appeal unless the district court's judgment is stayed (either by the district court itself or the appellate court)." *Mylan Labs, Inc. v. Leavitt*, 484 F. Supp. 2d 109, 119 (D.D.C. 2007). A district court "retains jurisdiction to enforce its unstayed Order." *M.R.S. Enters.*, 2006 U.S. Dist. LEXIS 73116, at *24; *see also Deering Milliken, Inc. v. Fed. Trade Comm'n*, 647 F.2d 1124, 1128-29 and n.11 (D.C. Cir. 1978) ("[I]t is equally clear that the vitality of th[e] judgment is undiminished by pendency of the appeal . . . If the judgment awards money . . . it may be executed upon unless stayed."). Here, because the Judgment has not been stayed, ECF No. 118, this Court retains jurisdiction to enforce the Judgment while the appeal is pending.

Though the Court rejected Romania's request for a stay pending appeal, the Court has expressed hesitancy to enforce the Judgment on the grounds that it might be construed as

---

[2] As Petitioners noted in their opposition to Romania's motion for leave to file a sur-reply, on February 21, 2020, the Romanian High Court of Justice and Cassation heard arguments regarding the validity of the tax setoff against S.C. European Food. ECF No. 112 at 6. A decision remains pending.

"superseded." ECF No. 119 at 2 (citing *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986)). However, there is no basis for finding that the Judgment has been superseded by Romania's recent payments to Petitioners. As described *supra* Section I, the amount Romania has paid is approximately *$140 million less* than the value of the Judgment entered by this Court. Romania's assertion that the Award has been "paid in full," ECF No. 104 at 7, does nothing to alter that reality. In this regard, as noted above, Romania has not made a motion for satisfaction of the Judgement under Fed. R. Civ. P. 60(b)(5), such that those assertions are not properly before the Court.[3]

Given that the Judgment has been neither stayed nor superseded, this Court should continue to consider matters in aid of execution while the appeal is pending. *See Teamsters Local Union No. 96 v. Wash. Gas Light Co.*, 466 F. Supp. 2d 360, 362 (D.D.C. 2006) (considering, while appeal was pending, a motion to hold defendant in contempt of court's order confirming arbitration award); *M.R.S. Enters.*, 2006 U.S. Dist. LEXIS 73116, at *25-26 (ordering defendant to show cause why it should not be held in contempt of the court's order, while that order was pending appeal); *BGW Assocs., Inc. v. Valley Broadcasting Co.*, 532 F. Supp. 1115, 1116–1117 (S.D.N.Y. 1982) (enjoining, while appeal was pending, defendants from taking further actions to prevent plaintiff from executing on the judgment).

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court find it has jurisdiction to consider Petitioners' Motion to Compel Romania to Answer Post-Judgment Interrogatories and Motion for an Order Pursuant to 28 U.S.C. § 1610(c), and that this Court

---

[3] The arguments proffered by Romania in support of its "mootness" assertion are wholly without merit, as Petitioners will demonstrate if and when a motion under Fed. R. Civ. P. 60(b)(5) is made.

grant those motions.


Dated: March 3, 2020
       Washington, D.C.

| WHITE & CASE LLP | DENTONS US LLP |
|---|---|
| By: */s/ Hansel T. Pham*<br>Hansel T. Pham [Bar # 489203]<br>Francis A. Vasquez [Bar # 442161]<br>701 Thirteenth Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 626-3600<br>hpham@whitecase.com<br>fvasquez@whitecase.com | By: */s/ John W. Lomas, Jr.*<br>John W. Lomas, Jr. [Bar # 976555]<br>Daniel Morris [Bar # 1018371]<br>1900 K Street, NW<br>Washington, DC 20006<br>Telephone: (202) 496-7500<br>Facsimile: (202) 408-6399<br>john.lomas@dentons.com<br>daniel.morris@dentons.com |
| -and-<br><br>Jacqueline L. Chung<br>Laura A. Grai<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>jacqueline.chung@whitecase.com<br>laura.grai@whitecase.com<br><br>*Counsel for Petitioners Ioan Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L.* | *Counsel for Petitioner Viorel Micula* |