UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IOAN MICULA, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Case No. 17-cv-02332 (APM) |
| ) | |
| GOVERNMENT OF ROMANIA, ) | |
| ) | |
| Respondent. ) | |

### ORDER

On March 11, 2020, the court granted Petitioners' motion to compel and, as a result, awarded Petitioners "attorney's fees and costs associated with preparing Petitioners' Motion to Compel and any reply thereto." Order, ECF No. 133 [hereinafter Order], at 2 (citing Fed. R. Civ. P. 37(a)(5)). The court ordered Petitioners to "file a bill of fees and costs with the court." *Id.* at 3. Petitioners did so, and ask the court for a total award of fees and costs of $44,133.70. *See* Pet'rs' Bill of Costs, ECF No. 137 [hereinafter Pet'rs' Bill of Costs], at 1. Petitioners Ioan Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L. request reimbursement of $40,548.00, and Petitioner Viorel Micula requests reimbursement of $3,585.70. *See id.*

Romania first seeks reconsideration of the court's award of fees and costs. *See* Gov't of Romania's Mem. in Supp. of Mot. to Reconsider Order Granting Att'ys' Fees on Motion to Compel Pursuant to Fed. R. Civ. P. 60(b) or, in the Alt., Obj. to Bill of Costs, ECF No. 141 [hereinafter Romania's Mem.], at 8–11. Romania contends that the court committed an error by failing to conduct the requisite "fact-intensive" inquiry into Romania's objections to Petitioners' interrogatories, which, if undertaken, would have demonstrated the reasonableness of Romania's

position.  *Id.*  But, as Petitioners point out, Romania cites no case law for the proposition that the court is required to conduct a "fact-intensive" inquiry before awarding fees and costs to the party prevailing on a motion to compel.  *See* Pet'rs' Opp'n to Romania's Mot. to Reconsider Order Granting Att'ys' Fees on Mot. to Compel Pursuant to Fed. R. Civ. P. 60(b), ECF No. 147, at 6.  To be sure, the court is required to evaluate whether an objecting party's position is "substantially justified" or whether other circumstances would make an award of expenses unjust, *see* Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii), and the court made those inquiries, *see* Order at 2.  Additionally, it has become even more evident that Romania's position was unjustified.  Binding D.C. Circuit precedent establishes that once a district court enters a judgment in U.S. dollars on an ICSID award, as the court did here, such judgment cannot be satisfied by a payment in a foreign currency that is of lesser value than the U.S. dollar judgment.  *See Delta Foods Ltd. v. Republic of Ghana*, 265 F.3d 1068, 1071–72 (D.C. Cir. 2001) (explaining that "[o]nce the district court entered judgment, . . . everything changed" because Ghana then owed the judgment creditor an amount in U.S. dollars, not Ghanaian cedi).  Romania therefore was not substantially justified in resisting discovery on the ground that it had paid the ICSID Award in Romanian RON.

Romania also raises a host of objections to the amount in fees and costs sought by Petitioners.  *See* Romania's Mem. at 11–17.  Among other things, Romania complains about counsel's hourly rates, the amount of time billed, overlapping billing, and vague time entries.  *See id.*  The court rejects Romania's contention that counsel's hourly rates are excessive.  Counsel's hourly rates, which were negotiated with the client and discounted, are well within the prevailing market rates under the LSI *Laffey* Matrix, *see* http://www.laffeymatrix.com/see.html, which the D.C. Circuit has approved for complex federal litigation in Washington, D.C., *see D.L.*

*v. District of Columbia*, 924 F.3d 585, 589–90 (D.C. Cir. 2019).[1]  Romania's reliance on the USAO *Laffey* Matrix rates is therefore misplaced.  As far as Romania's contentions concerning the hours devoted to various tasks and ambiguous timekeeping entries, the court agrees that some reduction is warranted.  The court has carefully reviewed the billing entries submitted by Petitioners' counsel, *see* Pet'rs' Bill of Costs, Decl. of Hansel T. Pham, ECF No. 137-1; *id.*, Pham Decl., Exs. A & B, ECF Nos. 137-2–137-3; *id.*, Decl. of Anthony B. Ullman, ECF No. 137-4; *id.*, Ullman Decl., Ex. A, ECF No. 137-5, and finds that a 40% reduction is appropriate on the fees requested, to account for, among other things, multiple billers, overlapping work, and ambiguous time entries.  In so finding, the court does not mean to suggest any improper billing or conduct on the part of Petitioners' counsel.  The court also is mindful of Romania's resistance at every turn in this litigation, which has multiplied the work required of Petitioners' counsel.  The court's task is to determine a reasonable award of fees and costs, and a reduction in the fees requested is warranted by that measure.

Accordingly, the court awards fees and costs as follows:  (1) $24,328.80 to counsel for Petitioners Ioan Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L. and (2) $2,151.42 to counsel for Petitioner Viorel Micula.  The court awards no additional fees to litigate the Bill of Costs.

Dated:  November 20, 2020

Amit P. Mehta
United States District Court Judge

---

[1] Romania does not contend, nor reasonably could it, that this case does not qualify as complex federal litigation.