# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IOAN MICULA, ET AL., *Petitioner*, v. THE GOVERNMENT OF ROMANIA, *Respondent*. | Case No.: 1:17-cv-02332-APM |

### THE EUROPEAN COMMISSION'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* REPLY

The European Commission (the "EC") respectfully requests leave to file within 14 days of the Court's order an *amicus curiae* reply to the Petitioners' Memorandum of Law in Response to the EC's amicus brief, *see* ECF No. 195, which raises new arguments to which the EC has not previously been given the opportunity to respond. In support of this motion, the EC states:

1. On March 29, 2022, Romania moved for relief from judgement pursuant to Rule 60(b)(4), (5), and (6), which the Petitioners oppose. *See* ECF Nos. 181, 184.

2. On May 17, 2022 and after obtaining leave from this Court, the EC filed its *amicus* brief (the "EC Brief"). ECF No. 191.

3. On June 24, 2022, the Petitioners filed their Memorandum of Law in Response to the EC Brief. ECF No. 195.

4. The EC respectfully requests leave to file a short reply brief, not to exceed 10 pages, for the narrow purpose of rebutting specific arguments raised by the Petitioners for the first time, specifically:

    a. The Petitioners' mischaracterization that the CJEU decision "is not final" and the effect of the CJEU remand to the General Court. *See* ECF No. 195, Pet'rs' Resp. at

11. The EC's submission will briefly discuss relevant developments in proceedings initiated by the Petitioners to enforce the Award in Luxembourg, where the Parquet Général of Luxembourg (similar to the Solicitor General of the United States) has advised the Luxembourg Court of Cassation (the highest constitutional court), in light of the CJEU decision, to reverse a lower court's judgment recognizing and enforcing the Award on the ground that Romania had not waived its sovereign immunity.

b. The Petitioner's misstatement that the General Court's decision "was not the foundational basis for this Court's decision to enter the Judgment." *See id*. at 4;

c. The Petitioner's incorrect reading of the United States Supreme Court's June 13, 2022 decision in *Kemp v. United States*, 596 U.S. __ (2022). *See id*. at 4, n.3; *see also* ECF No. 194;

d. The Petitioners' incorrect assertion that the principle of comity is irrelevant to determine whether the arbitration exception to sovereign immunity applies in this case. *See* ECF No. 195, at 11;

e. The Petitioner's misrepresentation of the relationship between ICSID articles 27 and 54. *See id*. at 13-14; and

f. The Petitioner's incorrect assertion that nothing in the exchanges between Sweden and Romania speak to the validity of the pre-accession arbitration agreement that resulted in the Award. *See id*. at 15-18.

5. This litigation concerns the application of European Union ("EU") law. The EC is uniquely positioned to speak on the EU's behalf and to ensure that this Court proceeds based on a correct understanding of EU law. *See* ECF No. 187 at 2-3 (discussing the EC's interest in the case).

Granting this motion would not unduly delay this case's disposition or otherwise disrupt the course of these proceedings. To the contrary, it would aid this Court's consideration of important and potentially far-reaching questions of EU law.

6. Counsel for the EC has contacted counsel for the Petitioners and for Romania regarding this motion. Romania consents to this motion. The Petitioners declined to consent to this motion. The Petitioners also opposed the EC's motion to file an *amicus curiae* brief in the proceedings before the D.C. Circuit Court, but the Court granted the EC's petition. *See Micula v. Romania*, USCA Docket No. 19-7127 (D.C. Cir.). The Petitioners did, however, previously consent to the EC's brief in the original proceeding before this Court, which this Court granted. ECF No. 56, *Consent Motion for Leave to File a Brief on Behalf of the European Commission as Amicus Curiae*, at 6.

7. By submitting this motion, the EC specifically reserves all of its rights and does not waive any of its defenses or its sovereign immunity.

Respectfully submitted,

July 7, 2022
Washington, DC

/s/ Stephen P. Anway

Stephen P. Anway (*pro hac vice*)
Dimitar P. Georgiev-Remmel, DC Bar No. 1656702
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037
Telephone: (202) 457 – 6506
stephen.anway@squirepb.com
dimitar.georgiev@squirepb.com

*Attorneys for* Amicus Curiae
*The European Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all attorneys of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

July 7, 2022
Washington, DC

/s/ Dimitar P. Georgiev-Remmel

Stephen P. Anway (*pro hac vice*)
Dimitar P. Georgiev-Remmel, DC Bar No. 1656702
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037
Telephone: (202) 457 – 6506
stephen.anway@squirepb.com
dimitar.georgiev@squirepb.com

*Attorneys for* Amicus Curiae
*The European Commission*