**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the Matter of the Application of<br><br>IOAN MICULA,<br>VIOREL MICULA,<br>S.C. EUROPEAN FOOD S.A.,<br>S.C. STARMILL S.R.L., and<br>S.C. MULTIPACK S.R.L.,<br><br>       *Petitioners*,<br><br>  v.<br><br>THE GOVERNMENT OF ROMANIA,<br><br>       *Respondent.* | Civil Action No. 17-CV-02332-APM |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order dated June 24, 2024, Petitioners, Ioan Micula, Viorel Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L. ("Petitioners"), and Respondent, the Government of Romania ("Romania"), by and through respective counsel, hereby submit this joint status report to update the Court on developments relevant to these proceedings and their positions as to next steps in this matter. The Parties agree on what is contained in the following Joint Statement and each add an additional statement of their own.

**A. Joint Statement of the Parties**

1. On May 14, 2024, the United States Court of Appeals for the District of Columbia (the "D.C. Circuit") issued a ruling affirming this Court's denial of Romania's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4), (5), and (6). ECF Nos. 203, 219.

2.      In related proceedings, Romania filed a request for interpretation of the ICSID Award pursuant to Article 50 of the ICSID Convention on February 18, 2022.  On May 15, 2023, an ICSID tribunal held a hearing concerning Romania's request.  On December 7, 2023, the ICSID tribunal issued a decision denying Romania's request.

3.      Regarding matters pending before this Court, on May 26, 2023, Petitioners filed a Motion for Second Judgment on Accrued Sanctions Against Romania ("Motion").  ECF No. 210. On October 31, 2023, Romania served its fifth amended response to Petitioners' post-judgment interrogatories.  Petitioners sent Romania a fourth deficiency letter on March 25, 2024.  Romania intends to respond to this letter, separately or in the filings anticipated below.

4.      Petitioners wish to supplement their pending Motion.  The Parties have agreed to the following schedule for this supplemental briefing on the Motion:

- Petitioners' Supplemental Memorandum of Law in Support of Motion: August 2, 2024

- Romania's Opposition: August 16, 2024

- Petitioners' Reply in Support of Motion: August 23, 2024

**B. Petitioners' Additional Statement**

5.      Petitioners wish to expand on the foregoing Joint Statement with the following further information.

6.      *Regarding the D.C. Circuit's May 14 Decision,* the D.C. Circuit held specifically that Romania is not entitled to relief from this Court's rulings (1) confirming a 2013 ICSID award (the "Award") against Romania and entering judgment in the amount of $356,439,727, (2) denying Romania's first motion for relief from judgment, (3) holding Romania in civil contempt for failing to comply with the Court's order directing it to respond to Petitioners' post-judgment interrogatories, and (4) entering judgment on accrued monetary sanctions against Romania for

non-compliance with the Court's post-judgment discovery order.  *See* ECF Nos. 86, 88, 159, 174, 176, 219.

7.    *Regarding the outstanding sanctions orders, motion and discovery dispute,* Romania has not satisfied this Court's purgation conditions and civil contempt sanctions continue to accrue against Romania at a rate of $100,000 per week of non-compliance with this Court's order directing Romania to comply with Petitioners' post-judgment discovery requests.  ECF No. 159 (awarding civil contempt sanctions "in the amount of $25,000 per week, which shall double every four weeks reaching a maximum of $100,000 per week, until such time as Romania complies with [the Court's March 11, 2020 discovery order compelling Romania to answer Petitioners' post-judgment interrogatories].").

8.    While Romania served its fifth amended response to Petitioners' post-judgment interrogatories on October 31, 2023, these responses were woefully deficient and, to date, Romania has not made any attempt to rectify the deficiencies Petitioners detailed in their March 25, 2024 deficiency letter.  Instead, Romania continues to shirk its obligations under this Court's affirmed orders.  $5,300,000 in additional sanctions have accrued against Romania since Petitioners filed their reply in support of their Motion, as of July 8, 2024.

9.    *Regarding the related ICSID interpretation proceedings*, Romania continues to undermine its obligations to pay the Award.  In those proceedings, the ICSID tribunal denied Romania's request for interpretation of the ICSID Award and awarded Petitioners attorney's fees and costs.  Instead of paying these fees and costs, Romania set off this obligation against prior Award payments it made to Petitioners and is now attempting to claw back in proceedings outside the U.S.  Petitioners will address this and other attempts by Romania to obstruct Petitioners' enforcement of the Award in their supplemental briefings.

10.     *Regarding Romania's proposed motion*, Petitioners do not believe that Romania has any legitimate basis for filing another Rule 60 motion given the most recent decision of the D.C. Circuit, and do not believe that Romania should be allowed to relitigate such matters again. Petitioners reserve comment on the schedule for any such a motion until they can see it for themselves.

11.     *Regarding Romania's assertions about the European proceedings*, Petitioners believe that Romania is mischaracterizing the status of that litigation, which remains pending in the European courts.  In any event, nothing asserted by Romania alters the status of the judgments against Romania in this Court.

## C. Respondent's Additional Statement

12.     Romania respectfully wishes to expand on the Joint Statement above as well.

13.     Following the original briefing on the Motion, and without waiving it prior objections, Romania in good faith engaged with Petitioners regarding their post-judgment discovery demands and provided additional information to Petitioners *via* its fifth amended response to Petitioners' post-judgement interrogatories.  Petitioners did not respond to that amended response for nearly six months.  Nonetheless, Petitioners demand a supplemental briefing schedule on the Motion to seek to add millions of dollars of additional requested sanctions, which transparently puts their efforts to get this Court to levy draconian additional sanctions against Romania ahead of reengaging in good faith on these issues after the recently decided appeal. Accordingly, Romania intends to describe the further information provided to Petitioners already, and the status of Romania's efforts to locate further responsive information during that briefing.

14.     With respect to the ICSID Tribunal's Decision dated December 7, 2023 on Romania's Request for Interpretation of the underlying ICSID Award, that proceeding focused on

Romania seeking clarification from the ICSID Tribunal on what the ICSID Tribunal precisely ordered with respect to the payment obligations in the ICSID Award, since among other things Petitioners have argued in these U.S. Court proceedings that the ICSID Award was not satisfied. It is true that the ICSID Tribunal denied the Request for Interpretation, but it denied the request because it determined that the pecuniary obligations required to satisfy the ICSID Award could not be the subject of disagreement or confusion because they were clear on their face in the ICSID Award.  Thus, the payments required to satisfy the ICSID Award are clear, and Petitioners have not denied that they were paid those amounts.

15.    This is noteworthy given the D.C. Circuit's Judgment dated June 24, 2022, which stated that § 116 of the Second Restatement of Conflict of Laws "could apply here only if the international arbitration award had already been discharged 'under the local law of' the place where it was rendered — in other words, 'under the local law of' the International Centre for Settlement of Investment Disputes."

16.    Accordingly, now that the mandate has been returned to the District Court, Romania wishes to file a motion for an order of satisfaction pursuant to Fed. R. Civ. P. 60 based upon *inter alia* the ICSID Tribunal' Decision dated December 7, 2023 on Romania's Request for Interpretation of the underlying ICSID Award, and the principles set out in the D.C. Circuit's Judgment dated June 24, 2022.  Given various pre-arranged holiday trips and other scheduling issues, Romania intends to file such a motion as soon as possible, and no later than August 16, 2024.

17.    Finally, since Petitioners have used this filing to accuse Romania of instituting so-called "claw back" actions in Europe, Romania wishes to also fully explain those issues to the Court in these anticipated filings as well.  In short, given that the General Order was reversed by

the Grand Chamber of the CJEU, the European Commission's regulatory authority within the European Union cannot be challenged, and is the final authority in the European Union (where Petitioners reside and conduct their business) on the state aid (competition) matters to which the orders Petitioners refer to relate.  It is hardly fair, among other things, for Petitioners to suggest that Romania should ignore the lawful orders of Europe's equivalent of the Antitrust Division of the DOJ.  Regardless of the outcomes in these present proceedings, Romania values and appreciates its ability, especially as a sovereign nation, existing within the EU system, to make these submissions and provide these explanations to this honorable Court.


Dated:  July 8, 2024
        Washington, D.C.

By:  /s/ Francis A. Vasquez, Jr.
     Francis A. Vasquez, Jr. [Bar # 442161]
     F.A. VASQUEZ CONSULTING
     2109 Arrowleaf Drive
     Vienna, VA 22182
     Telephone: (571) 363-7747
     frank@favasquez.com

By:  /s/ Hansel T. Pham
     Hansel T. Pham [Bar # 489203]
     WHITE & CASE LLP
     701 Thirteenth Street, N.W.
     Washington, DC 20005
     Telephone: (202) 626-3600
     hpham@whitecase.com
     fvasquez@whitecase.com

          -and-

     Jacqueline L. Chung (admitted *pro hac vice*)
     WHITE & CASE LLP
     1221 Avenue of the Americas
     New York, NY 10020
     Telephone: (212) 819-8200
     jacqueline.chung@whitecase.com

*Counsel for Petitioners Ioan Micula, S.C. European Food S.A., S.C. Starmill S.R.L., and S.C. Multipack S.R.L.*

By:  /s/ Anthony B. Ullman
     Drew Marrocco [Bar # 453205]
     Catharine Luo (admitted *pro hac vice*)
     DENTONS US LLP
     1900 K Street, NW
     Washington, DC 20006
     Telephone: (202) 496-7500
     Facsimile: (202) 408-6399
     drew.marrocco@dentons.com
     catharine.luo@dentons.com

          -and-

     Anthony B. Ullman (admitted *pro hac vice*)
     John J. Hay (admitted *pro hac vice*)
     DENTONS US LLP
     1221 Avenue of the Americas
     New York, NY 10020
     Telephone: (212) 768-6800
     anthony.ullman@dentons.com
     john.hay@dentons.com

*Counsel for Petitioner Viorel Micula*

By:  /s/ Ioana Salajanu
     Ioana Salajanu
     SLV Legal
     1 East Erie Street, Suite 425
     Chicago, IL 60611
     Telephone: (773) 875-5438
     Ioana.salajanu@slvlegal.com

          -and-

     Matthew Weldon
     K&L Gates LLP
     500 Lexington Avenue
     New York, NY 10002
     Telephone: (212) 536-4042
     Matthew.weldon@klgates.com

*Counsel for the Government of Romania*