UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the Matter of the Application of

IOAN MICULA, VIOREL MICULA,
S.C. EUROPEAN FOOD S.A.,
S.C. STARMILL S.R.L., and
S.C. MULTIPACK S.R.L.,

                *Petitioners*,

    v.

THE GOVERNMENT OF ROMANIA,

                *Respondent*.

Civil Action No. 17-CV-02332-APM

**MEMORANDUM IN OPPOSITION TO PETITIONERS' SUPPLEMENTAL MOTION FOR SECOND JUDGMENT ON ACCRUED SANCTIONS AGAINST ROMANIA**

**TABLE OF CONTENTS**

**INTRODUCTION**.................................................................................................................. 1

**BACKGROUND** .................................................................................................................... 2

**ARGUMENT**.......................................................................................................................... 3

    I.    The Supplemental Motion Is Procedurally Defective and Violates the District of Columbia Local Rules.................................................................................................. 3

    II.    The Supplemental Motion Violates the Spirit of the Referral of the Issues to the Magistrate Judge, as Well as the Purpose of Sanctions, and In Any Event is Premature... 5

    III.    Romania Still Does Not Know What It Takes for Petitioners to be Satisfied With Disclosure and thus "Purge" Its Contempt ......................................................................... 7

**CONCLUSION** ...................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. United for Kids v. Rousseau,*
　985 F.3d 1075 (9th Cir. 2021) ................................................................................................6

*Andrades v. Holder,*
　286 F.R.D. 64 (D.D.C. 2012) ..................................................................................................4

*In re Brown,*
　No. 10-94467-E-7, 2014 WL 2881176 (Bankr. E.D. Cal. June 23, 2014) ...............................6

*Cobell v. Norton,*
　334 F.3d 1128, 1145 (D.C. Cir. 2003) ....................................................................................6

*Ellipso, Inc. v. Mann,*
　460 F.Supp.2d 99 (D.D.C. 2006) .........................................................................................3, 4

*Johnson v. ACB Ideas, LLC,*
　2024 WL 3225994 (D.D.C. June 28, 2024) ..........................................................................4, 5

*Int'l Union, United Mine Workers of Am. v. Bagwell,*
　512 U.S. 821 (1994) .................................................................................................................6

*Kriebel v. Life Ins. Co. of N. Am.,*
　No. 1:15-cv-00151-TSC/GMH, 2015 WL 11347968 (D.D.C. Oct. 14, 2015) .........................4

*Samsung Electronics America Inc. v. Yang Kun "Michael" Chung,*
　325 F.R.D. 578 (N.D. Tex. 2017) ............................................................................................7

*SEC v. Bilzerian*,
　No. CV 89-1854 (RCL), 2011 WL 13267154 (D.D.C. Oct. 3, 2011) ......................................4

**Other Authorities**

Local Rule of the United States District Court for the District of Columbia 7(m) ................3, 4, 5

Respondent The Government of Romania ("Romania") respectfully submits this Memorandum in Opposition to Petitioners' Supplemental Motion for Second Judgment on Accrued Sanctions against Romania ("Supplemental Motion").

## INTRODUCTION

The Supplemental Motion should be summarily denied primarily because it is fatally flawed procedurally. Petitioners have not sought to engage in any meet and confer with Romania in order to try to bring clarity to their underlying complaints about Romania's (multiple) responses to the discovery requests, or resolve them. In this respect, the Supplemental Motion violates the Local Rules of the United States District Court for the District of Columbia (the "Local Rules"). Further, the Supplemental Motion is inconsistent with the referral of the case to Magistrate Judge Harvey and is premature in that mediation before Magistrate Judge Harvey is scheduled for October 16, 2024. The Court ordered that the scope of mediation "shall include the parties' outstanding discovery disputes." ECF No. 221. Petitioners are in essence trying to circumvent the referral of the case to Magistrate Judge Harvey and deprive the Court of the benefit of the facts and circumstances as they develop in connection with the mediation that the Court ordered. If mediation is unsuccessful at resolving the case or the parties' discovery disputes, further briefing on these issues will be needed after the mediation.

In addition, the Supplemental Motion suffers from the same substantive faults as the motion it is meant to supplement, the motion for sanctions filed by Petitioners in June of 2023. Petitioners pursue sanctions for an alleged failure to provide discovery responses, but Petitioners unjustifiably waited almost five months (until March 25, 2024) to raise concerns with Romania's amended responses on October 31, 2023. In addition, Petitioners' March 25, 2024 letter offers vague complaints, and the lack of specificity makes it difficult to understand what Petitioners would consider compliance. This underscores why a meet and confer in this context is so important, and

1

why resolving this discovery dispute in the context of mediation will be far more fruitful. Sanctions are not appropriate in these circumstances, even setting aside the fundamental procedural flaws of the Supplemental Motion.

Accordingly, the Supplemental Motion should be summarily denied, to be taken up at a later time if necessary.

## BACKGROUND

On July 16, 2024, the Court held a Status Conference. *See* ECF No. 223. Pursuant to the discussions during that Status Conference, the Court entered on order referring this case to Magistrate Judge Harvey for mediation. The Court's order states that the "scope of the mediation shall include the parties' outstanding discovery disputes and resolving the case as a whole." *See* ECF No. 221. Indeed, as discussed at the Status Conference, it was intended that this mediation would hopefully negate the need for the Court to address the motion for sanctions that Petitioners filed in 2023, as well as the issues raised in the Supplemental Motion.

The parties have had discussions about scheduling the mediation with Magistrate Judge Harvey and have agreed to a mutually convenient time for the parties and Magistrate Judge Harvey to hold such a mediation. That mediation has been scheduled for October 16, 2024, at 10:00 AM Eastern Time. *See* Minute Entry dated July 30, 2024.

At no point since the Status Conference have the Petitioners (i) raised the supposed discovery issues with Romania, (2) tried to schedule a meet and confer regarding these issues, or (3) offered any further clarity as to their complaints regarding Romania's Fifth Amended Responses to Petitioners' Interrogatories. Based upon the Statue Conference discussion and order referring the case to Magistrate Judge Harvy, Romania understood that these issues concerning discovery were to be addressed at the October 16, 2024 mediation.

Further, Romania noted the Court's comments at the Status Conference about responding to

2

the March 25, 2024 letter, and is working on these responses so that areas of disagreement can be identified and discussed in a meet and confer, in order to facilitate the discussion of such issues before Magistrate Judge Harvey, as the Court has instructed. Romania's response letter has been delayed because counsel has been off for holidays and traveling on an international volunteering trip (taking part in a humanitarian construction project in Africa) and is still working on organizing its responses to Petitioners letter of March 25, 2024. Romania's counsel has also been delayed in completing that letter response to Petitioner's March 25th Letter because of the need to respond to this Supplemental Motion.

## ARGUMENT

I. **The Supplemental Motion Is Procedurally Defective and Violates the Local Rules**

The Local Rules require Petitioners' counsel to confer with Respondent's counsel.

Local Rule 7(m), "Duty to Confer on Nondispositive Motions" states:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement…A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

The Supplemental Motion is a nondispositive motion. The Supplemental Motion thus fails to comply with Local Rule 7(m) because it does not contain "a statement that the required discussion set out in Local Rule 7(m) occurred," and such discussion has not occurred. Since the Status Conference last month, Petitioners have not raised any of the issues raised in the Supplemental Motion with Romania.

Rule 7(m) serves the important purposes of promoting the resolution of disputes without court intervention, or at least narrowing the disputes that must be brought to the Court's attention. *See Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 102 (D.D.C. 2006). Rule 7(m) Failure to comply with Local

3

Rule 7(m) is sufficient, by itself, to deny the Supplemental Motion. *Johnson v. ACB Ideas, LLC*, 2024 WL 3225994, at *2 (D.D.C. June 28, 2024) (To be sure, a litigant's violation of Local Civil Rule 7(m) is, on its own, reason to deny their motion. Courts in this district have the discretion to deny, and often have denied, nondispositive motions solely for failure to comply with Rule 7(m).") (internal citation omitted). This Court has exercised that discretion regularly to dismiss nondispositve motions where the moving party failed to confer in advance with opposing counsel. *See, e.g.*, *Ellipso*, 460 F.Supp.2d at 102; *Andrades v. Holder*, 286 F.R.D. 64, 65 n.2 (D.D.C. 2012); *SEC v. Bilzerian*, No. CV 89-1854 (RCL), 2011 WL 13267154, at *1 (D.D.C. Oct. 3, 2011). It would be inappropriate to rule on the Supplemental Motion before the parties meet and confer, and Respondent at least has an opportunity to purge its supposed contempt.

While the Court in *Johnson v. ACB Ideas* exercised its discretion to decide a non-dispositive motion in the absence of compliance with Local Rule 7(m), it only did so on the grounds that in those particular circumstances, it was plain that the parties had irreconcilable differences of opinion on the motion at issue and hearing the non-dispositive motion in that case would serve judicial economy. *See also Kriebel v. Life Ins. Co. of N. Am.*, No. 1:15-cv-00151-TSC/GMH, 2015 WL 11347968, at *3 (D.D.C. Oct. 14, 2015) (finding it "practically certain that defendant will refile precisely the same motion."). Here, a meet and confer between counsel, and in particular through the mediation process, has the potential to resolve the issues raised in the Supplemental Motion.

Accordingly, for failure to comply with Rule 7(m), the Court should deny the Supplemental Motion.[1]

---

[1] In addition, Appendix A to the Local Rules includes the D.C. Bar's Voluntary Standards for Civility in Professional Conduct. General Principles Nos. 12, 15, and 23 of the Voluntary Standards for Civility in Professional Conduct also outline counsel's duty to confer with opposing counsel prior to filing this sort of motion with the Court or seeking sanctions.

4

**II.     The Supplemental Motion Violates the Spirit of the Referral of the Issues to the Magistrate Judge, as Well as the Purpose of Sanctions, and In Any Event is Premature**

The Court referred the issues relating to the Supplemental Motion to Magistrate Judge Harvey. *See* ECF No. 221.  That cannot be reasonably disputed, since the referral included the "parties' outstanding discovery disputes."  It is not yet clear to Romania what those remaining disputes are, but the identify of those disputes, and whether they can be resolved without imposition of additional sanctions, is precisely the purpose of the referral of these issues to the Magistrate Judge Harvey.

The Supplemental Motion seeks to circumvent that referral of the discovery issues to Magistrate Judge Harvey, and indeed is contrary to the spirit of the referral.  The Supplemental Motion will not resolve any issues or advance this case for the main reason that those issues are to be clarified amongst the parties, discussed in a meet and confer, and then presented to Magistrate Judge Harvey so that hopefully the parties can make progress toward resolving them.  The mediation with Magistrate Judge Harvey is scheduled for October 16, 2024, and there is no urgency to hear and resolve the Supplemental Motion prior to that date.

Romania is currently preparing for that mediation, and part of that preparation is working on a response to the issues raised by Petitioners' March 25, 2024 letter.  Romania invites Petitioners to meet and confer about these issues leading up to the mediation,[2] to hopefully improve the odds that the mediation is successful.  The Supplemental Motion is simply disrupting this process.

Further, the Supplemental Motion violates the purposes of sanctions.  By seeking to enter judgment on the amount of sanctions prior to actually trying resolve these issues, Petitioners telegraph that what they would really like to do is to punish Romania, not try to work with Romania in order

---

[2] To be clear, however, Local Rule 7(m) obligates Petitioners to demand a meet and confer, not Romania. *Johnson v. ACB Ideas*, 2024 WL 3225994, at *4 ("Local Rule 7(m) does not place the onus on the non-movant to demand a meeting.").

to address the issues. Petitioners have still not participated in the "discussions" that they planned to have with Romania and announced that they wanted to have with Romania in the April 7, 2023 Joint Status Report. ECF No. 208. Instead, Petitioners were content to allow sanctions to accrue against Romania.

The purpose of sanctions are to compel future compliance with court orders. They are not to punish a party. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (characterizing civil contempt sanctions as "penalties designed to compel future compliance with a court order…"); *Cobell v. Norton*, 334 F.3d 1128, 1145 (D.C. Cir. 2003) ("Civil contempt is ordinarily used to compel compliance with an order of the court…By contrast, criminal contempt is used to punish, that is, to vindicate the authority of the court following a transgression rather than to compel future compliance or to aid the plaintiff.") (internal quotations omitted).

Here, especially given the context above, a retroactive award of accrued sanctions for a further year and a half, while the parties were tending together to other matters (including the prior appeal) and Petitioners were not actively pursuing such discovery, would not serve to compel compliance. Rather, it would serve as a punishment, for delay which was at most inadvertent, and mutual.

As noted before, Petitioners have transparently abandoned discussions on these issues, and are rather simply seeking compensation. Such an approach is improper and would be be inequitable, and the sanction would cross the line from corrective to punitive, especially since Petitioners have articulated no harm. *See In re Brown*, No. 10–94467–E–7, 2014 WL 2881176, at *6 (Bankr. E.D.Cal. June 23, 2014) (reducing the sanction against a defendant for failing to turn over property of the estate to the trustee from $136,500 to $13,650 because, "[t]hough entirely of his own making, such amount could be incorrectly construed as having passed from being corrective to being punitive."); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021) ("when only civil procedures are used, the sanction may go no further than to redress the wronged party for losses sustained and may

6

not impose any additional consequence as punishment for the sanctioned party's misbehavior."). The Supplemental Motion's request to enter judgment in the amount of $15,900,000 has clearly crossed the line into a punitive sanction.

It is certainly not the purpose of sanctions to excessively compensate Petitioners, and punish Romania, and for that reason the Supplemental Motion should be denied.

### III. Romania Still Does Not Know What It Takes for Petitioners to be Satisfied With Disclosure and thus "Purge" Its Contempt

In the Supplemental Motion, Petitioners now broadly claim that Romania has failed to "(1) identify any bank account information, whether in the United States or worldwide, or deny the existence of such, (2) identify the specific addresses of all tangible assets that it owns in the United States, or any assets that it owns elsewhere, and (3) provide complete and responsive information from all its government ministries." Supplemental Motion at 4.

This complaint merely shows how important it is for Petitioners to engage in meaningful meet and confers with Romania and address these issues with Magistrate Judge Harvey. For example, Romania has provided in its Fifth Supplemental Response, a list of thousands of pieces of tangible property. Of course, that was not enough for Petitioners, and instead they are seeking $15.9 million in sanctions, and claiming that Romania must go through these lists of assets and provide a specific address for each piece or tangible property. Further, Petitioners claim that Romania has failed to provide information from all government ministries, but has not indicated what or why it believes that any specific information has been withheld. Petitioners also complain vaguely that Romania "fails to identify all assets located worldwide." March 25, 2024 Letter (Vazquez Decl., Ex. 4). Romania is entitled to understand Petitioners' basis for believing that its most recent discovery responses do not satisfy the Petitioners' discovery requests and in order to be able to address those alleged deficiencies. *Cf. Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325

7

F.R.D. 578, 594 (N.D. Tex. 2017) ("The Court does believe that there are threshold requirements for a proper Rule 37(a) motion to compel: It must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1…[it] must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining ... how a response or answer is deficient or incomplete…") (internal quotations omitted).

For this reason as well, the Court should deny the Supplemental Motion, so that the scope of any disagreements and the specific issues between the parties can be properly identified and discussed prior to Petitioners bringing such a motion.

## CONCLUSION

For all the reasons above, Romania requests that the Supplemental Motion be denied, or in the alternative that the Motion is stayed until further order of the Court, or in the alternative the amount of any sanctions be minimal and/or structured to serve the purpose of compelling compliance, and not punishing Romania or compensating Petitioners with a massive windfall.

Dated: August 16, 2024

                                                  Respectfully submitted,

                                                  By:    /s/ Matthew J. Weldon
                                                  Matthew J. Weldon
                                                  New York Bar Number 4832408
                                                  599 Lexington Avenue
                                                  New York, NY 10022 (212) 536-4042
                                                  Matthew.Weldon@klgates.com

                                                  Ioana Salajanu

SLV Legal
1 E. Erie Street, Suite 534
Chicago, IL 606016
(773) 875-5438
Ioana.Salajanu@slvlegal.com


*Counsel for Respondent
The Government of Romania*

9

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2024, I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Case Filing System ("ECF"). The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Matthew J. Weldon
Matthew J. Weldon